IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Civil Action File No. |
| RESTORED TRUCKING COMPANY, INC., JOSEPH SPIVEY, and LOUIS BYRD, | _____ |
| Defendants. | |

**OWNERS INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW OWNERS INSURANCE COMPANY ("Owners") and hereby files its Complaint for Declaratory Judgment against Restored Trucking Company, Inc. ("Restored Trucking"), Joseph Spivey ("Spivey"), and Louis Byrd ("Byrd"), showing this Honorable Court as follows:

**PARTIES**

1.

Owners is a corporation organized and existing under the laws of the state of Ohio with its principal place of business in Michigan.

2.

Restored Trucking is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia. Restored Trucking may be served with process via its registered agent, Mike Jones, at 508 Industrial Drive, Rockmart, Georgia 30153.

3.

Spivey is a resident and domiciliary of the state of Georgia, and he has the present intention to remain in Georgia and call Georgia his home. Spivey may be served with process at 962 Youngs Farm Road, Cedartown, Georgia 30125, or wherever found.

4.

Byrd is a resident and domiciliary of the state of Georgia, and he has the present intention to remain in Georgia and call Georgia his home. Byrd may be served with process at 351 Bull Creek Church Road, Claxton, Georgia 30125, or wherever found.

**JURISDICTION AND VENUE**

5.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states, who are

completely diverse, and the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs.

6.

This Court has personal jurisdiction over the Defendants because the Underlying Lawsuit (defined below) is pending in the Superior Court of Polk County, Georgia, which lies within this judicial district and division of the Court, because the events that underlie this coverage action occurred in Georgia, and because all Defendants reside in and/or are physically present in Georgia.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## **NATURE OF ACTION**

8.

This is a Complaint for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and the Defendants.

9.

A controversy of a judicial nature presently exists among the parties that demands a declaration by this Court in order that Owners may have its rights and

duties under the relevant contract of insurance determined and avoid the possible accrual of damages.

10.

Each Defendant named herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## THE UNDERLYING LAWSUIT

11.

On October 3, 2018, Spivey was driving a vehicle owned by Restored Trucking (the "Truck") on I-16 in Candler County, Georgia.

12.

At that time, Byrd was also traveling in his vehicle on I-16 behind Spivey.

13.

As both vehicles travelled on I-16, the Truck struck a horse that had entered the interstate, causing Spivey to lose control of the Truck.

14.

Thereafter, the Truck and Byrd's vehicle collided on I-16 (the "Incident").

- 4 -

15.

On September 22, 2020, Byrd filed a lawsuit against Restored Trucking and Spivey in the Superior Court of Polk County, Georgia, civil action file number SUCV2020000543 (the "Underlying Lawsuit"). A true and accurate copy of the complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A**.

16.

In the Underlying Lawsuit, Byrd alleges that Spivey's negligent operation of the Truck is the direct and proximate cause of his injuries.

17.

In the Underlying Lawsuit, Byrd also alleges that Restored Trucking is vicariously liable for his injuries.

18.

Spivey was served with the Underlying Lawsuit on October 15, 2020.

19.

Restored Trucking was served with the Underlying Lawsuit on December 7, 2020.

20.

At the time Restored Trucking was served with the Underlying Lawsuit, Spivey had automatically defaulted in the Underlying Lawsuit, and he had no ability

to open that default as a matter of right under O.C.G.A. § 9-11-55(a).

21.

Neither Restored Trucking nor Owners knew that Spivey had already been served with, and defaulted in, the Underlying Lawsuit before Restored Trucking was served with the Underlying Lawsuit.

22.

On December 10, 2020, Owners was first notified of the complaint in the Underlying Lawsuit and Spivey's automatic default in the Underlying Lawsuit.

23.

On December 11, 2020, Owners issued a reservation of rights letter to Spivey, wherein Owners advised Spivey that it was reserving its right to deny coverage for the Underlying Lawsuit as a result of untimely notice. A true and accurate copy of the reservation of rights letter is attached hereto as **Exhibit B**.

24.

Subject to the complete and total reservation of rights letter, Owners hired counsel to represent Spivey against the Underlying Lawsuit.

25.

Shortly after being retained, counsel for Spivey reached out to Byrd's counsel in the Underlying Lawsuit and requested that Byrd consent to open Spivey's default in the Underlying Lawsuit.

26.

Byrd has, to this date, refused to consent to open Spivey's default in the Underlying Lawsuit.

27.

Spivey did not forward the complaint in the Underlying Lawsuit to Owners, or notify it of the same, as soon as practical after being served, as required by O.C.G.A. § 33-7-15.

28.

Byrd did not forward the complaint in the Underlying Lawsuit to Owners, or notify it of the same, via certified mail or statutory overnight delivery, within ten (10) business days of filing, as required by O.C.G.A. § 33-7-15.

29.

Owners has been prejudiced by both Spivey and Byrd's failures to timely notify Owners of the complaint in the Underlying Lawsuit, as provided by O.C.G.A. § 33-7-15.

- 7 -

## THE INSURANCE CONTRACT

30.

Owners issued a commercial auto insurance policy to "Restored Trucking Company Inc.," policy number 49-434-124-01, with effective dates of March 23, 2018 through March 23, 2019 (the "Primary Policy"). A true and accurate copy of the Primary Policy is attached hereto as **Exhibit C**.

31.

The Primary Policy's liability coverage contains the following relevant definitions, terms, provisions, exclusions, and conditions:

> IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.
>
> **ITEM TWO - SCHEDULE OF COVERED AUTOS AND COVERAGES**
>
> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those **autos** shown as covered **autos**. **Autos** are shown as covered **autos** for a particular coverage by the entry of one or more of the symbols from the COVERED AUTOS section of the Commercial Auto Policy next to the name of the coverage.

| COVERAGES | | COVERED AUTOS SYMBOLS | LIMIT OF INSURANCE FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|---|
| Combined Liability | | 1 | $1Million each accident | |
| Uninsured Motorist Coverage | | 7, 8, 9 | Uninsured Motorist - $100,000 each person/ $100,000 each accident (Added on to At-Fault Liability Limits applies) | |
| | | 7, 8, 9 | Uninsured Motorist Property Damage - $100,000 each accident - $ 250 deductible applies (Added on to At-Fault Liability Limits applies) | |
| Medical Payments | | | | No Coverage |
| Physical Damage | Comprehensive | 7 | $250 deductible applies for each covered auto unless a deductible appears in ITEM THREE. | |
| | Collision | 7 | $500 deductible applies for each covered auto unless a deductible appears in ITEM THREE. | |
| | Road Trouble Service | | | No Coverage |
| | Additional Expense | | | No Coverage |

.   .   .

## COMMERCIAL AUTO POLICY

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy, words and phrases that appear in **bold face type** have special meaning. Refer to SECTION VI - DEFINITIONS. The descriptions in the headings of this policy and all applicable endorsements are solely for convenience and are not part of the terms and conditions of coverage.

## SECTION I – COVERED AUTOS

### A. COVERED AUTO DESIGNATION SYMBOLS

The following symbols describe the **autos** for which coverage may be provided. Symbols shown next to the various coverages in the Declarations designate only those **autos** which shall be considered covered **autos** for each such coverage.

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any **Auto** | |

. . .

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A.      COVERAGE**

**We** will pay all sums an **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto** as an **auto**. . . . **We** will investigate, settle or defend, as **we** consider appropriate, any claim or **suit** for damages . . . covered by this policy. . . .

. . .

## SECTION V – CONDITIONS

**A.      LOSS CONDITIONS**

**1.      Duties in the Event of Accident, Claim, Suit or Loss**

**We** have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.**      In the event of **accident**, claim, **suit** or **loss**, an **insured** must give **us** or **our** authorized representative prompt notice of the **accident** or **loss** . . . .

**b.**      Additionally, the **insured** and any other involved **insured** must:

    **(1)**      Immediately send **us** copies of any request, demand, order, notice, summons or legal paper received concerning the claim or **suit**.

. . .

- 10 -

      **2.**      **Legal Action Against Us**

No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. Further, under the Covered Autos Liability Coverage, no legal action may be brought until **we** agree a person entitled to coverage has an obligation to pay or until the amount of that obligation has been determined by judgment after trial. No one has any right under this policy to bring **us** into any action to determine the liability of any person **we** have agreed to protect.

.   .   .

## SECTION VI – DEFINITIONS

**A.**    **Accident** includes continuous or repeated exposure to the same conditions resulting in **bodily injury** or **property damage**.

**B.**    **Auto** means:

      **1.**    A land motor vehicle;

      **2.**    A **trailer**;

      **3.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, **auto** does not include **mobile equipment**. . . .

**C.**    **Bodily injury** means physical injury, sickness or disease sustained by a person, including resulting death of that person.

.   .   .

**S.**    **Suit** means a civil proceeding in which:

       1.       Damages because of **bodily injury** or **property damage** . . . are alleged.

.   .   .

**W.**      **We**, **us** or **our** means the Company providing this insurance.

**X.**      **You** or **your** means the Named Insured shown in the Declarations and if an individual, **your** spouse who resides in the same household.

.   .   .   .

Commercial Auto Policy (Form No. 58001 (1-15)); Amendment of Definitions (Form No. 58524 (1-15)).

32.

Owners issued a commercial umbrella insurance policy to "Restored Trucking Company Inc.," policy number 49-434-124-02, with effective dates of March 23, 2018 through March 23, 2019 (the "Umbrella Policy"). A true and accurate copy of the Umbrella Policy is attached hereto as **Exhibit D**.

33.

The Umbrella Policy's liability coverage contains the following relevant definitions, terms, provisions, exclusions, and conditions:

**COMMERCIAL UMBRELLA POLICY**

**INSURING AGREEMENT**

**We** agree to provide insurance relying on the statements in the Declarations and subject to all the terms and conditions of this policy. In return, **you** must pay the premium and comply with all policy terms and conditions.

- 12 -

## DEFINITIONS

To understand this policy, **you** must understand what **we** mean when **we** use these words and phrases. They appear in bold-faced print in this section and wherever used in the policy.

.  .  .

D.     **Automobile** means a land motor vehicle, trailer or semi-trailer.

E.     **Bodily injury** means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

.  .  .

I.     **Incident** means either an occurrence or an offense, whichever is the basis of coverage, then:

   1.     When coverage applies on an occurrence basis, **incident** means an **accident** with respect to:

      a.     **Bodily injury**, including damages claimed by any person or organization for care, loss of services or death resulting at anytime from the **bodily injury**; . . .

   including continuous or repeated exposure to substantially the same general harmful conditions. Continuous or repeated exposure to substantially the same general harmful conditions constitutes one **incident**.

.  .  .

R.     **Scheduled underlying insurance** means the insurance policies shown in the Schedule of Underlying Insurance including any renewal or replacement of such contracts which are not more restrictive.

.  .  .

**Y.** **Ultimate net loss** means the sum actually payable by **us** to procure settlement or satisfaction of the **insured's** legal obligation for damages either by:

    **1.**    Final adjudication; or

    **2.**    Compromise with **our** written consent.

However, **ultimate net loss** shall not include salaries of the **insured's** employees or those of an **underlying insurer** or expenses incurred by the **insured**, **underlying insurer** or **us** in investigation, adjustment or litigation.

.  .  .

**CC.**  **We**, **us** and **our** means the Company providing this insurance.

**DD.**  **You** and **your** means the person(s) or organization(s) shown as the Named **Insured** in the Declarations.

.  .  .

## COVERAGE

**A.**  **We** will pay those sums included in **ultimate net loss** that the **insured** becomes legally obligated to pay as damages because of:

    **1.**    **Bodily injury**; . . .

to which this insurance applies caused by an **incident**.

.  .  .

## CONDITIONS

This policy is subject to the following conditions:

.  .  .

- 14 -

**F.     Legal Action Against Us**

**We** may not be sued unless:

1.      There is full compliance with all terms of this policy[.] . . .

.   .   .

**H.     Notice of Incident, Claim or Suit**

1.      When an **incident** likely to involve **us** takes place, the **insured** must notify **us** in writing as soon as practicable, of any **incident**, claim or **suit**. Notice of an **incident** is not notice of a **claim**.

2.      If claim is made or **suit** is brought, **we** must be advised promptly. All papers in connection with claims or suits must be sent to **us** without delay.

.   .   .   .

Commercial Umbrella Policy (Form No. 26800 (7-05)).

34.

Spivey seeks a defense and/or indemnity under the Primary Policy and Umbrella Policy for the claims asserted and damages sought in the Underlying Lawsuit. However, Owners is uncertain as to its rights and obligations under such policies.

## DECLARATORY JUDGMENT

### COUNT I
### SPIVEY FAILED TO AFFORD OWNERS WITH TIMELY NOTICE OF THE UNDERLYING LAWSUIT, THUS, OWNERS HAS NO DUTY TO DEFEND OR INDEMNIFY SPIVEY AGAINST IT.

35.

Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

36.

The Primary and Umbrella Policies issued by Owners require the insured to perform certain conditions precedent in the event of a suit.

37.

Specifically, as a condition precedent to coverage under both the Primary and Umbrella Policies, and in accordance with O.C.G.A. § 33-7-15(a), Spivey was required to notify Owners of any suit "as soon as practicable."

38.

Moreover, as a condition precedent to coverage under both the Primary and Umbrella Policies, and in accordance with O.C.G.A. § 33-7-15(a), Spivey was to ensure that Owners was served and/or notified "immediately" and "without delay" of any correspondence, demands, notices, or papers in connection with any suit.

- 16 -

39.

The Underlying Lawsuit constitutes a "suit," as defined by the Primary and Umbrella Policies.

40.

Spivey became aware of the Underlying Lawsuit as early as the date he was served with the complaint therein, on October 15, 2020.

41.

However, Owners was not notified of the Underlying Lawsuit until December 10, 2020 – or approximately two (2) months later and after Spivey was in default as a matter of law.

42.

By failing to notify Owners "as soon as practicable" of the Underlying Lawsuit, Spivey breached the conditions precedent to coverage set forth in both the Primary and Umbrella Policies, and as provided in O.C.G.A. § 33-7-15(a).

43.

Spivey also failed to ensure that Owners was served and/or notified "immediately" and "without delay" of any correspondence, demands, notices, or papers in connection with the Underlying Lawsuit.

44.

By failing to timely notify Owners of the Underlying Lawsuit, as specified above, Spivey breached the conditions precedent to coverage set forth in both the Primary and Umbrella Policies, and as provided in O.C.G.A. § 33-7-15(a).

45.

Moreover, Byrd did not forward the complaint in the Underlying Lawsuit to Owners, or notify it of the same, via certified mail or statutory overnight delivery, within ten (10) business days of filing, as required by O.C.G.A. § 33-7-15.

46.

Because of Spivey's default in the Underlying Lawsuit, and Byrd's refusal to consent to open said default, Owners has suffered prejudice as required by O.C.G.A. § 33-7-15(a).

47.

Consequently, because Spivey breached conditions precedent to coverage under both the Primary and Umbrella Policies, and as provided in O.C.G.A. § 33-7-15(a), because Byrd failed to comply with the notice provisions provided in O.C.G.A. § 33-7-15(a), and because Owners has been prejudiced thereby, Owners has no duty to defend or indemnify Spivey in the Underlying Lawsuit.

48.

Owners is, therefore, entitled to a declaratory judgment that it is has no duty to defend or indemnify Spivey against the Underlying Lawsuit.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Owners respectfully prays as follows:

(1)    that this Court declare that it does not owe any duties to defend or indemnify Spivey in the Underlying Lawsuit, as specifically alleged above;

(2)    that judgment be entered in Owners' favor and against all Defendants;

(3)    that this Court bind each and every named party herein by said judgment;

(4)    that the Court award Owners all costs, expenses, and attorneys' fees that it is entitled to receive under federal and/or state law; and

(5)    that this Court enter an order granting such other and further relief as justice requires.

This 18th day of June, 2021.

Respectfully submitted,

KENDALL | MANDELL, LLC


 /s/ M. Brandon Howard
Michael C. Kendall
Georgia Bar No. 414030
M. Brandon Howard
Georgia Bar No. 550524
*Attorneys for Owners Ins. Co.*

3152 Golf Ridge Blvd., Ste. 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mckendall@kendallmandell.com
mbhoward@kendallmandell.com